JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORNA MANAVI,<br><br>            Plaintiff,<br><br>      v.<br><br>COSTCO WHOLESALE, et al.,<br><br>            Defendants. | Case No. 2:23-cv-06280-FLA (KSx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 16]** |

## <u>RULING</u>

On June 6, 2022, Plaintiff Orna Manavi ("Plaintiff" or "Manavi") initiated this action against Defendants Costco Wholesale, Costco Warehouse Marina Del Rey, Costco Wholesale Store #479, Costco Wholesale Corporation (collectively, "Costco"), and Cesar Aguila ("Aguila") (all together, "Defendants") in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl.").[1] The Complaint asserts a single cause of action for negligence. *Id.*

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers listed on documents natively.

1

On August 2, 2023, Defendant Costco Wholesale Corporation ("CWC") removed the action to this court alleging subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. Dkt. 1 at 3. CWC relies on Plaintiff's Statement of Damages to support its assertion that the amount in controversy exceeds the jurisdictional minimum of $75,000. *Id.*

On September 8, 2023, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 16. Plaintiff filed her response on September 22, 2023. Dkt. 18 ("Pl. Resp."). CWC filed its response on September 25, 2023. Dkt. 20 ("Def. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS the action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

  As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined on the face of the pleading.  *See generally* Compl.  In the Notice of Removal, CWC contends the jurisdictional minimum is met because Plaintiff served a Statement of Damages claiming $25,000 in general damages, $25,000 in special damages, and $250,000 in punitive damages.  Dkt. 1 at 3.  CWC does not address the amount in controversy in its response to the OSC.  *See* Def. Resp.  A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

  Here, it is clear the $300,000 in damages pleaded in the Statement of Damages is a "bold optimistic prediction" only and not a reasonable estimate of Plaintiff's claims.  *See id.*  Significantly, neither the Complaint nor the Statement of Damages provides facts to explain how Plaintiff determined the amount stated.  *See* Dkt. 1 Ex. B; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where statement of damages did not explain how plaintiff arrived at the damages claimed); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2

(C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## **CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 22STCV19314. Plaintiff's Request for Judicial Notice (Dkt. 18-2), is DENIED as moot. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 11, 2023

                                              FERNANDO L. AENLLE-ROCHA
                                              United States District Judge